# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DEPARIS TOWNSEND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-CV-131 RWS |
| | ) | |
| MISSOURI PUBLIC DEFENDER'S | ) | |
| OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Deparis Townsend (registration no. 1212707), an inmate at Algoa Correctional Center ("ACC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show

more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Complaint

Plaintiff, an inmate at Algoa Correctional Center, brings this action asserting violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff brings this action against the Missouri Public Defender's Office and his former public defender, Kerina Ibarra.

Plaintiff asserts that he was denied adequate counsel in his criminal action in Mississippi County, Missouri, when his Missouri Public Defender, Kerina Ibarra, was not ready for trial on the trial date. He believes this was a violation of his Constitutional rights.

In his criminal action, plaintiff was charged with driving while his license was suspended or revoked as well as resisting arrest. His case was set for jury trial on July 10, after he waived indictment. *See State v. Townsend,* No. 18MI-CR81-01 (33rd Judicial Circuit, Mississippi County Court). After a capias warrant was issued as to plaintiff, a no bond order was issued by the Court. As part of the Order of the Court, defendant was to remain in custody "until such time as his attorney could meet with him and file a statement that defense was ready for trial." Plaintiff then waived his right to counsel, pled guilty to the charges and was sentenced to the Missouri Department of Corrections for three years on August 13, 2019.

## Discussion

Plaintiff cannot maintain an action against the Missouri Public Defender's Office or his attorney Kerina Ibarra because a criminal defense attorney is not suable under 42 U.S.C. § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (stating that "a public defender does not act

under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Meyers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (stating that attorneys who represented plaintiff, "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983"); and *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988) ("Public defenders do not act under color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional functions of defense counsel").

This holds true even if the attorney works for the public defender's office or is appointed by the court. *See Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (explaining that to state a § 1983 claim, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right").

To the extent that plaintiff wishes to sue Ms. Iberra and the Missouri Public Defender's Office for legal malpractice, a state law claim, the Court declines to exercise jurisdiction over such a claim and will dismiss this claim without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that to the extent plaintiff has brought state law claims for relief against defendants, such claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 18th day of December, 2019.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE